# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CML-NV GRAND DAY, LLC, A FLORIDA LIMITED LIABILITY COMPANY; AND CML-NV SANDPOINTE, LLC, A FLORIDA LIMITED LIABILITY COMPANY, Appellants, vs. GRAND DAY, LLC, A NEVADA LIMITED LIABILITY COMPANY; SANDPOINTE APARTMENTS, LLC, A NEVADA LIMITED LIABILITY COMPANY; STACY YAHRAUS-LEWIS, AN INDIVIDUAL; AND THE DONALD A. AND STACEY L. YAHRAUS FAMILY TRUST – SURVIVOR'S TRUST, A TRUST, Respondents. | No. 72350 |

FILED

NOV 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

| | |
|---|---|
| CML-NV GRAND DAY, LLC, A FLORIDA LIMITED LIABILITY COMPANY; AND CML-NV SANDPOINTE, LLC, A FLORIDA LIMITED LIABILITY COMPANY, Appellants, vs. GRAND DAY, LLC, A NEVADA LIMITED LIABILITY COMPANY; SANDPOINTE APARTMENTS, LLC, A LIMITED LIABILITY COMPANY; STACY YAHRAUS-LEWIS, AN INDIVIDUAL; AND THE DONALD A. AND STACEY L. YAHRAUS FAMILY TRUST – SURVIVOR'S TRUST, A TRUST, Respondents. | No. 73206 |

SUPREME COURT
OF
NEVADA

(O) 1947A

18-904442

*ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court judgment in a deficiency action (Docket No. 72350) and an order awarding attorney fees and costs (Docket No. 73206). Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Silver State Bank (SSB) was the payee on promissory notes for two construction/permanent loans made to respondents and secured by deeds of trust on real property and personal guaranties. After SSB went into receivership, the Federal Deposit Insurance Corporation (FDIC) took over servicing the loans and collecting indebtedness due thereunder. The FDIC refused to continue disbursing construction funds from reserve accounts, so respondents funded the construction projects on their own, to the extent possible, while unsuccessfully attempting to secure alternative financing. When the loans matured, respondents did not make the balloon payments. Appellants' parent company acquired SSB's interest in the notes and guaranties from the FDIC, and that interest was transferred to appellants. Following foreclosure, appellants filed the underlying actions to recover deficiency balances and to enforce the guaranties. After a bench trial, the district court entered judgment in favor of respondents. The court determined that by failing to continue disbursing construction funds, SSB materially breached the loan terms and that failure, coupled with the FDIC's failure to continue funding and to timely and adequately provide notice that no further disbursements would be made, frustrated the loans' purpose and excused respondents' performance. The court also determined that as successors in interest, appellants were subject to all claims and defenses that would have been available against SSB or the FDIC. The

court awarded attorney fees and costs to respondents as prevailing parties, as provided by the terms of the loan agreements.

*Docket No. 72350*

Appellants first argue that the district court erred by not applying *Sandpointe Apartments, LLC. v. Eighth Judicial District Court*, 129 Nev. 813, 313 P.3d 849 (2013), as the law of the case to conclude that appellants were entitled to a deficiency judgment as of the date of the trustee's sale. Appellants' argument misunderstands the law-of-the-case doctrine, which applies when an appellate court "actually address[es] and decide[s] the issue explicitly or by necessary implication." *Fergason v. LVMPD*, 131 Nev. 939, 947, 364 P.3d 592, 597 (2015). The *Sandpointe* opinion did not do that with regard to the merits of appellants' deficiency action. Instead, it addressed a purely legal issue concerning whether Assembly Bill 273 applied retroactively in an interlocutory writ context. *See Sandpointe*, 129 Nev. at 824, 829, 313 P.3d at 586, 859 (concluding that the bill does not apply retroactively while assuming that the trustee's sale marks the point at which a deficiency action may be brought without deciding whether appellants were entitled to judgment on the merits). At the time *Sandpointe* was decided, the district court had not addressed the merits of the deficiency action, including whether appellants had proved their breach-of-contract-related causes of action or whether they could be subject to affirmative defenses, and thus *Sandpointe* is not binding as the law of the case as to appellants' right to a deficiency judgment. *Reconstrust Co. v. Zhang*, 130 Nev. 1, 8, 317 P.3d 814, 818-19 (2014) ("A position that has been assumed without decision for purposes of resolving another issue is not the law of the case.") (internal quotation marks and citation omitted); *cf. Schettler v. RalRon Capital Corp.*, 128 Nev. 209, 220, 275 P.3d 933, 940

(2012) (explaining that defendants may present affirmative defenses to deficiency claims, as barring such defenses would implicate due process and would "'invariably [result in the defendants] los[ing] on the merits of the claims brought against them.'" (quoting *National Union Fire Ins. v. City Sav., F.S.B.*, 28 F.3d 376, 394 (3d Cir. 1994))). Accordingly, appellants' law-of-the-case argument does not provide a basis for reversal. *See Estate of Adams v. Fallini*, 132 Nev., Adv. Op. 81, 386 P.3d 621, 624 (2016) (reviewing de novo applicability of the law-of-the-case doctrine).

Next, appellants argue that SSB's and the FDIC's refusals to continue funding the loans is not a defense to their claims, and thus the district court erred by concluding that collectability and enforceability defenses apply against a successor-in-interest who acquires loan assets from the FDIC. We disagree. In *Schettler*, this court reversed a summary judgment and remanded to the district court, explaining that a borrower facing a deficiency action may properly assert that the lender/FDIC's prior breach excused the borrower's nonperformance as an affirmative defense. 128 Nev. at 219-21, 275 P.3d at 939-41. This is precisely what the district court determined in the underlying case, and that determination is supported by substantial evidence.

In particular, appellants admitted in district court that they had no knowledge of whether (1) the loans were performing in September 2008; (2) money remained available in the interest reserve account beyond September 2008 to fund interest payments and construction costs as required by the loan terms; (3) respondents were in default as of the first loan's original maturity date of November 30, 2008, given that the loan file contained an FDIC memo extending that date by a year; or (4) the FDIC deemed respondents to be in default at any time during the FDIC's

receivership. To the contrary, appellants acknowledged that the FDIC's internal memos deemed respondents to be performing under the loans, such that SSB/FDIC remained obligated to continue funding interest payments and construction costs. Appellants further acknowledged that the FDIC's memos recognized that the failure to do so caused any later repayment breach by respondents. Thus, we perceive no reversible error in the district court's determination that collectability and enforceability defenses apply and appellants failed to overcome those defenses. *Weddell v. H20, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for clear error and explaining that such findings will be upheld if supported by substantial evidence, which is "evidence that a reasonable mind might accept as adequate to support a conclusion" (internal citation and quotation marks omitted)).

Finally, appellants' argument that the district court erred by not applying a provision of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) that allows the FDIC to repudiate a failed bank's loans and terminate funding does not warrant reversal for two reasons. First, that argument wholly contradicts appellants' position in district court, where appellants never asserted that FIRREA applied to their state law theories for recovery; as a result, the doctrine of waiver applies. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (noting that matters not properly presented to the trial court generally will not be addressed as a basis for reversal by this court); *see Hackes v. Hackes*, 446 A.2d 396, 398 (D.C. 1982) ("Parties may not assert one theory at trial and another theory on appeal."), *abrogated on other grounds by Wagley v. Evans*, 971 A.2d 205 (D.C. 2009). Second, even if waiver principles did not apply, substantial evidence supports the district

court's conclusion that the FDIC did not repudiate the loans in accordance with FIRREA. *Sharpe v. FDIC*, 126 F.3d 1147, 1155 (9th Cir. 1997) (observing that "FIRREA does not authorize the breach of contracts" and it "also does not preempt state law so as to abrogate state contract rights"); *see* 12 USC § 1821(d)(11)(B)(i). "Although the statute clearly contemplates that the FDIC can escape the obligations of contracts, it may do so only through the prescribed mechanism." *Sharpe,* 126 F.3d at 1155. That mechanism is set forth in 12 USC § 1821(e), which allows the FDIC to "repudiate any contract it deems burdensome and pay only compensatory damages." *Id.* Absent repudiation under § 1821(e), as receiver, the FDIC "'steps into the shoes'" of the failed financial institution, assuming all the rights and obligations of the defunct bank. *Id.* at 1152 (quoting *O'Melveny & Meyers v. FDIC*, 512 U.S. 79, 86-87 (1994)). And "[t]he actions of the failed bank are considered the actions of the FDIC." *Meritage Homes of Nev., Inc. v. FNBN-Rescon I, LLC*, 86 F. Supp. 3d 1130, 1140 (D. Nev. 2015). Although appellants contend on appeal that the FDIC effectively repudiated the loan agreements by discontinuing funding, a valid repudiation requires that the FDIC "repudiates in a manner which is 'clear, unambiguous and reasonable under the circumstances.'" *McCarron v. FDIC*, 111 F.3d 1089, 1094 (3d Cir. 1997) (quoting *Hennessy v. FDIC*, 858 F. Supp. 483, 488 (E.D. PA. 1994)). That did not happen here. Thus, FIRREA does not provide a basis for reversal.

In light of the foregoing, we affirm the district court's judgment being challenged in Docket No. 72350.

*Docket No. 73206*

Aside from contending that the award of attorney fees and costs should be reversed if the judgment is reversed, appellants make no

Supreme Court
OF
Nevada

(O) 1947A

6

arguments regarding the propriety of that award. Thus, in light of our resolution of the appeal in Docket No. 72350, we affirm the award of fees and costs being challenged in Docket No. 73206.

It is so ORDERED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Joseph Hardy, Jr., District Judge
Stephen E. Haberfeld, Settlement Judge
Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson/Las Vegas
Sylvester & Polednak, Ltd.
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Eighth District Court Clerk